**Paul L. MARSHALL, Appellant,**

v.

**Donald A. MAGINNIS, Jr., et al., Appellees.**

**No. 15798.**

United States Court of Appeals Fifth Circuit.

Feb. 2, 1956.

Paul L. Marshall, in pro. per.

John Minor Wisdom, Paul O. H. Pigman, New Orleans, La., Fred S. LeBlanc, Atty. Gen. of Louisiana, Wade O. Martin, Jr., Secretary of State of Louisiana, Baton Rouge, La., Bertrand I. Cahn, Asst. Atty. Gen. of Louisiana, for appellees.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

PER CURIAM.

Filed in propria persona against Donald A. Maginnis, Jr., Chairman of the Republic Parish Executive Committee, N. Bryant James, Chairman of the Republican State Central Committee, Wade O. Martin, Secretary of State, and Fred S. LeBlanc, Attorney General, of the State of Louisiana, on May 24, 1955, and asserting federal question jurisdiction, the complaint alleged as to defendant Maginnis that he failed to carry out the official duties [1] of his office as chairman of the committee as prescribed by Louisiana Rev.Statutes 1950, Title 18, Sec. 305, Chapter 2, The Primary Election Law [LSA–R.S. 18:305], and by his failure to carry out such duties, "he has denied plaintiff's rights as a citizen and is in violation of the constitutional rights guaranteed by the 14th Amendment".

It complained of Bryant, that he failed to take action after plaintiff had made protest to him concerning his illegal actions in the past and in the future and failed to carry out his duties, deliberately ignoring the wrong doings though plaintiff had advised him thereof.

As to Martin and LeBlanc, his complaint was that they had ignored the illegal practices of the two defendants, Maginnis and Bryant, and had failed and refused to assist plaintiff in requiring them to do their duties.

Paragraph 7 stated, " * * * it is not the intention to ask the court to impose any penalties upon the defendants. Instead plaintiff asks the court to direct all of said defendants to take action in correcting [their wrongful] doings and to comply with and carry out the primary election law."

Par. 8 stated, " * * * knowing that laws cannot be corrected or amended without a reasonable time to do so, plaintiff asks the court to order such amendments within a time limited but not later than May 1, 1956".

The defendants moved to dismiss for want of jurisdiction because the complaint shows on its face, that the action does not arise under the Constitution and laws of the United States, and because the amount in controversy is less than $3,000, and it fails to state a claim upon which relief can be granted. The defendants Maginnis and James made a similar motion.

The court, stating, "The court feels that it has no jurisdiction whatever over

1. (1) He has failed to call a meeting of the committee, as provided for in the Louisiana Primary Election Laws for a special election, fixed for the date of March 1, 1955, and thereby has made it impossible for plaintiff to be a candidate for the office of the State Senate from the 5th Senatorial District of Louisiana;

(2) Some of the members of the committee are questionable as to the legality of their membership and should not serve on the committee.

the claims", ordered that the motions be granted and the cause dismissed, and entered judgment "in favor of defendants and against plaintiff, rejecting the demands of the plaintiff and dismissing his suit with costs".

Plaintiff is here insisting that his suit was wrongly dismissed and the judgment must be reversed.

We do not think so. Because, however, though the court stated that it was without jurisdiction, the provision of the judgment that it is entered in favor of defendants and against plaintiff, rejecting the demands of the plaintiff, may be subject to the construction that the cause was disposed of on the merits, the judgment is reformed by striking this language from it and inserting in lieu thereof, "dismissing the cause for want of jurisdiction and with costs".